604

Argued August 20, affirmed September 22, 1975

GENTRY, *Appellant, v.* STATE ACCIDENT
INSURANCE FUND (No. 413-805), *Respondent.*

540 P2d 374

*Gerald C. Doblie,* Portland, argued the cause for
appellant. With him on the brief were Bailey, Doblie
and Bruun, Portland.

*John W. Burgess,* Assistant Attorney General, Sa-
lem, argued the cause for respondent. With him on
the brief were Lee Johnson, Attorney General, and
W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

SCHWAB, C. J.

In this workman's compensation case claimant contends that he is permanently and totally disabled. The Closing and Evaluation Division of the Workmen's Compensation Board, the referee, the Workmen's Compensation Board and the circuit court held to the contrary.① So do we.

Following graduation from high school claimant spent most of his adult life working in heavy carpentry. He injured his back in July of 1973 when he fell. He was then 62 years old. His treating physician diagnosed his injury as a contusion and strain to the low back. The thrust of the medical reports is that while the doctor did not note any evidence of psychological problems, he considered claimant's complaints as out of proportion to the physical findings.

Claimant was referred to the Back Evaluation Clinic. Evaluation there resulted in a report signed by two orthopedic surgeons and a neurosurgeon which concluded:

"* * * Condition is stationary. It was felt that the patient probably should not go back to heavy carpentry work but that he should be able physically to perform some other occupation. He should be discharged from the Disability Prevention Division. We feel that the total loss of function of the back as it exists today is mild, and that the loss of function due to this injury is mild. The total loss of function of the left leg as it exists today

---

① The referee did increase the permanent partial disability award from 20 per cent unscheduled low back disability to 50 per cent. This award was not disturbed by the Board or the circuit court. Nor do we do so.

is minimal, and the loss of function due to this injury is minimal."

As the referee noted in his opinion:

"At the hearing claimant testified he now lives at Wheeler, Oregon. He took retirement in July of 1974 from the Local #226 Carpenters' Union. He moved in May of 1974 to Wheeler from Portland where he had a mobile home. He receives Social Security. He did not apply for work before he left Portland. He inquired of work in the Garibaldi-Tillamook area but apparently no formal application was ever made."

The referee then concluded, and we believe correctly:

"* * * He [claimant] has not met his burden of proof that he is a permanent and total disability case. I am of the opinion that claimant mentally retired from the work force and moved from the mainstream of job possibilities to a retirement area living upon Social Security and his carpenter's retirement. A constant thread among medical reports was the fact that the complaints exceeded the objective findings.

"The claimant is not within the odd-lot doctrine having not sustained a severe substantial injury that would require the employer to come forth and carry the burden of proof of employability."

Affirmed.